IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

RAMONE TAYLOR, *et al.*,          :
    Plaintiffs,                    :
                                   :
    v.                             :      CIVIL ACTION NO. 26-CV-0164
                                   :
LISA ROYAL, *et al.*,             :
    Defendants.                    :

## MEMORANDUM

**WEILHEIMER, J.**                                   MARCH 10, 2026

Ramone Taylor and Alexis McDade initiated this *pro se* civil action raising various federal and state law claims relating to their housing.  McDade will be dismissed as a Plaintiff in this matter, because she failed to sign the Complaint as required by Federal Rule of Civil Procedure 11 and to either pay the required filing fees or submit an application to proceed *in forma pauperis*.[1]  As explained more fully below, the Court will grant Taylor's application for leave to proceed *in forma pauperis* and dismiss the Complaint.  Taylor will be given an opportunity to file an amended complaint if he can cure the deficiencies noted by the Court.

---

[1] The Complaint lists Taylor and McDade as Plaintiffs but only Taylor signed the Complaint. (*See* ECF No. 2 at 1, 2.)  McDade is described in the Complaint as Taylor's "exclusive Level-3 caregiver." (*Id.* at 1.)  Although Taylor submitted an application to proceed *in forma pauperis* (*see* ECF No. 1), McDade did not.  By Order dated January 15, 2026, McDade was instructed that, to proceed as a Plaintiff in this matter, she must either pay the required filing fees or file an application to proceed *in forma pauperis*, and she must sign the Complaint. (*See* ECF No. 6.)  Because McDade did not respond within the time specified in the Order, she will be dismissed as a Plaintiff.

## I.    FACTUAL ALLEGATIONS[2]

Taylor represents that he is a resident of Philadelphia, although he lists a Drexel Hill, Pennsylvania address for himself. (Compl. at 2.)  Named as Defendants are: Lisa Royal, landlord; Royal Consultants, LLC and Royal Managed Property LLC, identified as "landlord/property entities"; Jermaine Harris, Esq., "landlord's counsel"; Law Office of Jermaine Harris; Zachary Perlick, Esq., identified as "Plaintiff's retained counsel"; Law Office of Zachary Perlick; Bart E. Levy, Esq.; Levy Law, P.C.; Semile Robinson, Detective with the Civil Enforcement Unit of the Philadelphia Sheriff's Department; the Philadelphia Sheriff's Department; and the City of Philadelphia. (*Id.* at 1, 3.)

The allegations presented in the Complaint are brief.  Taylor states that he is legally blind and suffers from chronic PTSD which requires ongoing medical care. (*Id.* at 1.)  He alleges "Defendants pursued eviction despite unlicensed and uninhabitable conditions." (*Id.* at 2.)  He further claims that he was "forcibly removed during a lockout without a judge-signed order" on January 6, 2026. (*Id.*)  According to Taylor, Defendant Robinson "personally participated in or supervised the civil enforcement action." (*Id.*)  Taylor also contends that he "repeatedly requested [unspecified] medical and disability accommodation, which was denied." (*Id.*)  Taylor seeks monetary damages, as well as unspecified injunctive relief. (*Id.*)

A review of the publicly available state court docketing system reveals that Royal Consulting, LLC filed a civil ejectment action against Taylor and McDade on October 21, 2024 in the Court of Common Pleas for Philadelphia County regarding 5436 Chestnut Street, Apt. A,

---

[2] The facts set forth in this Memorandum are taken from Taylor's Complaint and publicly available dockets, *see Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (stating courts may consider "matters of public record" in determining whether a pleading has stated a claim). The Court adopts the sequential pagination supplied by the CM/ECF docketing system.

Philadelphia, Pennsylvania. *See Royal Consulting, LLC v. Taylor,* No. 241002740 (C.P. Phila.). Judgment was entered in favor of Royal Consulting, LLC and against Defendants Taylor and McDade on June 25, 2025. *Id.* A writ of possession was issued on that date as well, although Taylor subsequently sought a stay. *Id.* The writ of possession was re-issued on September 28, 2025, and again on December 23, 2025. *Id.* Taylor filed subsequent motions seeking to set aside or delay the ejectment, which were denied by Order entered January 7, 2026. *Id.* Taylor appealed that decision to the Pennsylvania Superior Court and the appeal remains pending. *See Royal Consulting, LLC v. Taylor*, 432 EDA 2026 (Pa. Super. Ct.).

## II.    STANDARD OF REVIEW

The Court will grant Taylor leave to proceed *in forma pauperis* because it appears he is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. The Court must determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). At the screening stage, the Court will accept the facts alleged in the *pro se* Complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether that complaint, liberally construed, contains facts sufficient to state a plausible claim. *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678; *see also Martinez v. UPMC Susquehanna*, 986 F.3d 261, 266 (3d Cir. 2021) ("A plaintiff cannot survive dismissal just by alleging the conclusion to an ultimate legal issue.").

3

As Taylor is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.* However, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Id.* (quoting *Mala*, 704 F.3d at 245). An unrepresented litigant "cannot flout procedural rules — they must abide by the same rules that apply to all other litigants." *Id.*; *see also Doe v. Allegheny Cnty. Hous. Auth.*, No. 23-1105, 2024 WL 379959, at *3 (3d Cir. Feb. 1, 2024) ("While a court must liberally construe the allegations and 'apply the applicable law, irrespective of whether the pro se litigant mentioned it b[y] name,' *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002), this does not require the court to act as an advocate to identify any possible claim that the facts alleged could potentially support.").

Additionally, the Court must review the Complaint and dismiss the matter if it determines that subject matter jurisdiction is lacking. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Grp. Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*").

## III.   DISCUSSION

Taylor alleges violations of his rights under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12131, *et seq.* ("ADA") and the Fair Housing Act, 42 U.S.C. § 3601, *et seq.* ("FHA"), as well as the United States Constitution. He also seeks to present state law claims. Even under a liberal reading of the Complaint, however, Taylor has failed to allege a claim that passes statutory screening.

### A.     ADA Claims

In Count I of the Complaint, Taylor seeks to assert ADA claims against "All Defendants" but does not state which title or section of the ADA he believes was violated.  (*See* Compl. at 2.) "The ADA is divided into three titles of regulation – Title I (employers), Title II (governments), and Title III (public accommodations)." *Matheis v. CSL Plasma, Inc.*, 936 F.3d 171, 176 (3d Cir. 2019).[3]  Taylor's Complaint is best construed as attempting to assert a claim under Title II of the ADA which "prohibits public entities from discriminating generally against any 'qualified individual with a disability,' including with respect to housing." *Oxford House, Inc. v. Township of North Bergen*, 158 F.4th 486, 491 (3d Cir. 2025) (citing 42 U.S.C. § 12132)).

Title II, however, applies only to "any State or local government," "any department, agency, special purpose district, or other instrumentality of a State or States or local government," and "the National Railroad Passenger Corporation, and any commuter authority." 42 U.S.C. § 12131(1).  Title II does not govern the conduct of individuals sued in their personal capacities or private entities.  *See Montanez v. Price*, 154 F.4th 127, 145 (3d Cir. 2025) (stating that individuals are not subject to suit in their personal capacities under Title II of the ADA and

---

[3] "Title III . . . 'prohibits public accommodations from imposing eligibility criteria that tend to preclude those with a disability from enjoying the public accommodation's good or service.'" *Zangara v. Nat'l Bd. of Med. Examiners*, No. 24-2664, 2025 WL 1218188, at *4 (3d Cir. Apr. 28, 2025) (*per curiam*) (quoting *Campbell v. Universal City Dev. Partners, Ltd.*, 72 F.4th 1245, 1251 (11th Cir. 2023)).  "For purposes of Title III, 'apartments and condominiums do not constitute public accommodations,' even where the property accepts tenants receiving federal housing subsidies." *El v. People's Emergency Ctr.*, 315 F. Supp. 3d 837, 844 (E.D. Pa. 2018) (citations omitted).  Further, Title III permits only injunctive relief, not money damages. *Abadi v. Marina Dist. Dev. Co., LLC*, 2024 WL 3984032, at *2 (3d Cir. Aug. 29, 2024) (*per curiam*); *Bowers v. Nat'l Collegiate Athletic Ass'n*, 346 F.3d 402, 433 (3d Cir. 2003) ("Title III defendants cannot be liable for money damages.").  A Title III plaintiff "lacks standing to seek injunctive relief unless he alleges facts giving rise to an inference that he will suffer future discrimination by the defendant." *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 561 (3d Cir. 2002).

that state employees and contractors are not "public entities" subject to suit under the ADA);

*Marasek v. 206 Courthouse Lane*, No. 17-12299, 2020 WL 70926, at *3 (D.N.J. Jan. 7, 2020)

(stating Title II does not govern the conduct of private entities) (citing *Graham v. Rawley*, No.

14-6743, 2015 WL 3660770, at *4 (D.N.J. June 11, 2015)).

Nothing in the Complaint supports a reasonable inference that any named Defendant

other than the City of Philadelphia is a public entity. Thus, to the extent Taylor seeks to present

ADA claims against any Defendant other than the City of Philadelphia, such claims will be

dismissed. *See El*, 315 F. Supp. 3d at 843-44 (dismissing Title II ADA claim for plaintiff's

failure to allege discrimination by a public entity); *see also Kokinda v. Pa. Dept of Corr.*, 779 F.

App'x 938, 942 (3d Cir. 2019) (*per curiam*) ("Kokinda's claims for individual damages liability

under Title II of the ADA fail for the simple reason that there is no such liability.").

In any event, Taylor does not sufficiently plead an ADA violation against the City of

Philadelphia. Generally, to state a claim under Title II of the ADA, a plaintiff must establish

that: "(1) he is a qualified individual; (2) with a disability; (3) who was excluded from

participation in or denied the benefits of the services, programs, or activities of a public entity, or

was subjected to discrimination by any such entity; (4) by reason of his disability." *Geness v.

Cox*, 902 F.3d 344, 361 (3d Cir. 2018) (citations omitted).[4] Taylor states that he is blind and

suffers from PTSD, that he was evicted, and that he "requested medical and disability

accommodation" but was denied. (*See* Compl. at 2.) Such allegations do not sufficiently

---

[4] A disability is defined as "a physical or mental impairment that substantially limits one or more major life activities of such individual. . . ." 42 U.S.C. § 12102(1)(A). "[M]ajor life activities include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." *Id.*

describe the circumstances and events that occurred and do not support an inference that the City of Philadelphia discriminated against him on the basis of his disability.

"Although the plausibility standard does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotations and citations omitted). "A complaint that pleads facts merely consistent with a defendant's liability stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (cleaned up); *see also Falcone v. Dickstein*, 92 F.4th 193, 202 (3d Cir. 2024) (reviewing court will "disregard unsupported conclusions or legal conclusions couched as factual allegations" when determining whether dismissal was proper for failure to state a claim). Accordingly, Taylor's claims against the City of Philadelphia under Title II of the ADA also will be dismissed.

### B.    FHAA Claims

The FHA prohibits discrimination on the basis of race, color, religion, sex, familial status, or national origin, in a variety of real estate-related transactions. *See* 42 U.S.C. § 3604. Additionally, the Fair Housing Act has been extended to protect against discrimination on the basis of disability. *Revock v. Cowpet Bay W. Condo. Ass'n*, 853 F.3d 96, 104 (3d Cir. 2017) (citing *City of Edmonds v. Oxford House, Inc.*, 514 U.S. 725, 728 n.1 (1995); Fair Housing Amendments Act of 1988, Pub. L. No. 100-430, 102 Stat. 1619 (1988)). Under those amendments, the FHAA, make it unlawful "[t]o discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a handicap of that person." 42 U.S.C. §

7

3604(f)(2)(A).[5] Discrimination under the FHAA includes, *inter alia*, "a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling." 42 U.S.C. § 3604(f)(3)(B).[6]

Taylor's FHAA claims, which he seeks to present against the "Landlord Defendants," suffer from the same fundamental flaw as the ADA claims. Taylor alleges that he is blind and suffers from PTSD, was evicted, and "repeatedly requested medical and disability accommodation" but was denied. (Compl. at 2.) "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Taylor simply has not alleged facts that allow the Court to draw the reasonable inference that any Defendant violated the FHAA. Accordingly, Taylor's FHAA claims will be dismissed.

---

[5] "Under the FHAA, 'handicap' means 'a physical or mental impairment which substantially limits one or more of [a] person's major life activities.'" *431 E. Palisade Ave. Real Estate, LLC v. City of Englewood*, 977 F.3d 277, 284 (3d Cir. 2020) (quoting 42 U.S.C. § 3602(h)(1)) (alteration in original).

[6] "To determine whether an accommodation is 'reasonable,' . . . [a court must] consider whether the requested accommodation is (1) reasonable and (2) necessary to (3) afford handicapped persons an equal opportunity to use and enjoy housing." *Revock*, 853 F.3d at 110 (quoting *Lapid-Laurel, L.L.C. v. Zoning Bd. of Adjustment of the Twp. of Scotch Plains*, 284 F.3d 442, 457 (3d Cir. 2002)). "'Necessary' suggests something that cannot be done without, and thus is treated as requiring a causal link that examines whether the accommodation sought will redress injuries that otherwise would have prevented disabled individuals from the same enjoyment or access to the property as non-disabled persons." *Schueller v. Pennypack Woods Home Ownership Assoc.*, No. 19-178, 2021 WL 7285246, at *4 (E.D. Pa. Dec. 22, 2021) (cleaned up). "Whether there has been a 'refusal' to provide a reasonable accommodation under the Fair Housing Act depends on the circumstances." *Revock*, 853 F.3d at 110.

## C.    Constitutional Claims

In Counts III and IV of the Complaint, Taylor claims that his due process rights were violated by Defendant Robinson, the Sheriff's Department, and the City of Philadelphia. (*See* Compl. at 2.) The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Local governments and municipalities are considered persons under § 1983. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). However, municipal liability cannot be predicated on a *respondeat superior* basis, meaning that municipalities may not be held liable simply because their employees committed a constitutional violation. *Id.* at 691. Rather, "under § 1983, local governments are responsible only for 'their *own* illegal acts.'" *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986)).

As an initial matter, to the extent Taylor seeks to present § 1983 claims against the Philadelphia Sheriff's Department, it is not a proper defendant. Claims against county offices, such as a sheriff's department, are treated as claims against the county itself. *See Bonenberger v. Plymouth Township*, 132 F.3d 20, 25 n.4 (3d Cir. 1997) (treating municipality and its police department as a single entity for purposes of § 1983); *Kulesa v. Rex*, 519 F. App'x 743, 745 (3d Cir. 2013) (*per curiam*) (finding claims against the Montgomery County Sheriff's Department are treated as claims against Montgomery County itself); *see also* 53 Pa. Con. Stat. § 13132(c) ("Subject to the provisions of the Philadelphia Home Rule Charter and the First Class City Home Rule Act . . . the Council of the City of Philadelphia shall have full powers to legislate with

9

respect to the election, appointment, compensation, organization, abolition, merger, consolidation, powers, functions and duties of the Sheriff . . . ."). Accordingly, any § 1983 claim against the Philadelphia Sheriff's Department will be dismissed with prejudice.

With respect to Defendant Robinson, Taylor claims that he was "forcibly removed during a lockout without a judge-signed order" on January 6, 2026, and "Defendant Robinson personally participated in or supervised the civil enforcement action." (Compl. at 2.) Taylor's claim against Defendant Robinson does not pass statutory screening because Taylor fails to provide sufficient facts in support of his contention that Defendant Robinson violated his constitutional rights. The personal involvement of each defendant in the alleged constitutional violation is a required element, meaning a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims brought against that defendant. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998); *see also Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). While the Court will accept the factual allegations contained in a Complaint as true, the Court will disregard rote recitals of the elements of a cause of action, legal conclusions, and mere conclusory statements. *See James v. City of Wilkes-Barre*, 700 F.3d 675, 679 (3d Cir. 2012). Taylor's allegations against Defendant Robinson lack sufficient factual support and will be dismissed.

Taylor's attempt to present a *Monell* claim against the City is similarly unsuccessful. To state a claim for municipal liability, a plaintiff must allege that the defendant's policies or customs caused the alleged constitutional violation. *See Monell*, 436 U.S. at 694; *see also Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003). To satisfy the pleading

standard, the plaintiff "must identify [the] custom or policy, and specify what exactly that custom or policy was," *McTernan v. City of York*, 564 F.3d 636, 658 (3d Cir. 2009), and "must also allege that the policy or custom was the 'proximate cause' of his injuries," *Estate of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir. 2019) (citing *Kneipp v. Tedder*, 95 F.3d 1199, 1213 (3d Cir. 1996)).[7] Further, "[i]t is well-settled that, if there is no violation in the first place, there can be no derivative municipal claim." *Mulholland v. Gov't Cnty. of Berks, Pa.*, 706 F.3d 227, 238 n.15 (3d Cir. 2013).

Taylor contends that the City "maintained policies or customs permitting execution of evictions without judicial authorization" and that it "failed to train and supervise deputies regarding ADA compliance and due process." (Compl. at 2.) While Taylor's claim against the

---

[7] A plaintiff may also state a basis for *Monell* municipal liability by "alleging failure-to-supervise, train, or discipline . . . [and alleging facts showing] that said failure amounts to deliberate indifference to the constitutional rights of those affected." *Forrest v. Parry*, 930 F.3d 93, 106 (3d Cir. 2019). "This consists of a showing as to whether (1) municipal policymakers know that employees will confront a particular situation, (2) the situation involves a difficult choice or a history of employees mishandling, and (3) the wrong choice by an employee will frequently cause deprivation of constitutional rights." *Id.* As the United States Court of Appeals for the Third Circuit stated:

> If the alleged policy or custom at issue is a failure to train or supervise . . . , the plaintiff must show that this failure "amounts to 'deliberate indifference' to the rights of persons with whom [the municipality's] employees will come into contact." [*Thomas v. Cumberland County*, 749 F.3d 217, 222 (3d Cir. 2014)] (quoting *Carter v. City of Philadelphia*, 181 F.3d 339,357 (3d Cir. 1999)). "Ordinarily," this requires a plaintiff to identify a "'pattern of similar constitutional violations by untrained employees'" that "puts municipal decisionmakers on notice that a new program is necessary. . . ." *Id.* at 223 (quoting *Connick v. Thompson*, 563 U.S. 51, 62 (2011)). Otherwise, the plaintiff needs to show that failure to provide the identified training would "likely . . . result in the violation of constitutional rights"—i.e., to show that "the need for more or different training [was] so obvious." *City of Canton v. Harris*, 489 U.S. 378, 390 (1989).

*Johnson v. City of Philadelphia*, 975 F.3d 394, 403 (3d Cir. 2020).

City is not plausible because, as with his other claims, it is wholly conclusory and undeveloped, it also appears to be belied by the state court records which indicate that a writ of possession was re-issued on December 23, 2025, and Taylor's motions to strike and set aside execution were denied by Order entered on January 7, 2026. *See Royal Consulting, LLC v. Taylor, et al.*, No. 241002740 (C.P. Philadelphia). Accordingly, Taylor has not stated a plausible federal constitutional claim against any named Defendant and the § 1983 claims will be dismissed.

### D. State Law Claims

Taylor also seeks to assert state law legal malpractice claims against Defendants Perlick and Levy. (*See* Compl. at 2.) Taylor identifies Defendant Perlick as his "retained counsel" and describes Defendant Levy as acting "without lawful representation." (*Id.* at 1.) The only independent basis for jurisdiction over any such claims is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."[8]

Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,'" which "means that, unless there is some other basis for jurisdiction, no plaintiff may be a citizen of the same state as any defendant." *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (cleaned up). An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa*, LLC, 652 F.3d 340, 344 (3d Cir. 2011). It is the plaintiff's burden to establish diversity of citizenship. *Gibbs v. Buck*, 307 U.S. 66, 72 (1939); *see also Quaker State Dyeing & Finishing Co., Inc. v. ITT Terryphone Corp.*, 461 F.2d 1140, 1143 (3d Cir. 1972) (stating that, in

---

[8] Because the Court has dismissed Taylor's federal claims, it will not exercise supplemental jurisdiction over any state law claims.

diversity cases, the plaintiff must demonstrate complete diversity between the parties and that the amount in controversy requirement has been met).

Taylor has not met his burden. Because Taylor represents that he is a resident of Philadelphia, Pennsylvania, and at least some of the Defendants are citizens of Pennsylvania, diversity jurisdiction does not exist over any state law claims. Accordingly, all state law claims will be dismissed without prejudice for lack of subject matter jurisdiction.

## IV.   CONCLUSION

For the foregoing reasons, the Court will grant Taylor leave to proceed *in forma pauperis*, and will dismiss his claims as follows: all ADA claims will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim; all FHAA claims will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim; and all claims pursuant to 42 U.S.C. § 1983 against the Philadelphia Sheriff's Department will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), while all other § 1983 claims will be dismissed without prejudice. Additionally, all state law claims will be dismissed without prejudice for lack of subject matter jurisdiction. Considering Taylor's *pro se* status, he will be permitted an opportunity to file an amended complaint if he can cure the defects the Court has noted as to his claims. An appropriate Order follows, which provides further instruction on amendment.

BY THE COURT:

GAIL A. WEILHEIMER, J.

13